IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                                     PLAINTIFF

vs.                                           Civil No. 6:10-cr-60015

GLEN RAY ALLEN                                                                                DEFENDANT

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

**BEFORE** the Court is the Motion to Dismiss filed herein by Defendant, GLEN RAY ALLEN. ECF No. 53. This Motion was filed *pro se* despite the fact Allen was represented by counsel. The Government has not responded and the Court finds that no response is required by the Government.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T. Dawson referred this Motion to this Court for the purpose of making a report and recommendation. The Court, having reviewed the Motion to Dismiss recommends this Motion be **DENIED** in its entirety.

Allen filed a document styled Motion for Writ of *Habeas Corpus* with Brief Incorporated. This document purported to seek relief pursuant to Title 28 U.S.C. § 2254. The Court notes section 2254 relief is not available to a defendant pending trial on federal criminal charges. The Court directed the Clerk to file this matter as a Motion to Dismiss. Upon review of the document it is apparent Allen seeks relief based on an alleged lack of factual allegations in the Second Superseding

Indictment[1] and lack of evidence establishing he has committed a crime. Accordingly, this document is more properly considered a Motion for Bill of Particulars and Motion to Dismiss. The Court finds as follows:

**1. Background**

Allen is charged with two counts of drug trafficking in violation of Title 21 of the United States Criminal Code. He is charged with conspiracy to distribute marijuana. He is also charged with possession with intent to distribute marijuana.

Allen states there are insufficient factual allegations in the Second Superseding Indictment. Essentially stating the indictments in this case were "unreasonably wrong." He also argues the Indictment does not state the required elements of the crimes charged. These allegations are properly construed as a Motion for Bill of Particulars.

Allen also argues there is insufficient evidence to charge him at all in this case. This allegation is properly considered a Motion to Dismiss. The Court will address each of these issues in turn.

**2. Motion for Bill of Particulars**

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, a court is authorized to "direct the government to file a bill of particulars." A bill of particulars is used "to inform the defendant of the nature of the charges against him and to prevent or minimize the element of surprise at trial." *U.S. v. Maull*, 806 F.2d 1340, 1345 (8th Cir. 1986) (internal citation omitted). A bill of particulars "is not a proper tool for discovery" and "is not to be used to provide detailed disclosure

---

[1] Allen was initially charged by Complaint on April 16, 2010. ECF No. 1. He was charged by Indictment on May 26, 2010. ECF No. 14. A Superseding Indictment was filed on July 21, 2010. ECF No. 37. Each of these charging instruments allege the same conduct against Allen. The Court will thus only discuss the Second Superseding Indictment filed November 4, 2010. ECF No. 55.

of the government's evidence at trial." *U.S. v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1994) (internal citation omitted).

Furthermore, this Court has "broad discretion" in the decision to grant or deny a bill of particulars. *U.S. v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993) (internal citation omitted). The Eighth Circuit has also held that where the indictment sufficiently informs the defendant "of the nature of the charges against him," a court does not abuse its discretion by denying a bill of particulars. *See id.*

On November 4, 2010, an Second Superseding Indictment was entered against Allen. ECF No. 55. In the Second Superseding Indictment, Allen is charged with two counts of criminal conduct. Count I alleges the following:

> Beginning at a time unknown to the Grand Jury but at lease as early as September 29, 2009, and continuing until on or about March 30, 2010, in the Western District of Arkansas, Hot Springs Division, and elsewhere, the Defendant(s), GLEN RAY ALLEN and KEVIN HICKS, did knowingly and intentionally combine, conspire, confederate and agree with Jennifer Sue Lenda and with others known and unknown to the Grand jury to distribute a controlled substance, namely, more than 1000 kilograms of marijuana, a Schedule I controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(vii) and Title 21 U.S.C. § 846.

Count II reads as follows:

> On or about March 30, 2010, in the Western District of Arkansas, Hot Springs Division, the defendants, GLEN RAY ALLEN and KEVIN HICKS, aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly possess with intent to distribute a controlled substance, namely, more than 100 kilograms of marijuana, a Schedule I controlled substance, in violation of Title 21 U.S.C. §§ 841(a)(1) and (841(b)(1)(A)(vii) and Title 18 U.S.C. § 2.

Having reviewed the Indictment, this Court finds it sufficiently informs Allen of the charges against him. The Indictment informs Allen of the date and place of the alleged crime in each count. Both Counts allege the elements of the crime charged. Additionally, the Indictment informs Allen of the acts which constitute the alleged crime and specify the

criminal statutes the Government alleges were violated in each count. Accordingly, a bill of particulars is not necessary, and this Court **DENIES** Allen's Motion for Bill of Particulars. *Sileven*, 985 F.2d at 966 (holding that a court has "broad discretion" in the decision to grant or deny a bill of particulars).

### 3. Motion to Dismiss

To the extent that Allen alleges there are insufficient facts in existence to warrant the charges in the Second Superseding Indictment his Motion should be **DENIED**. "An indictment returned by a legally constituted nonbiased grand jury, like an information drawn by a prosecutor, if valid on its face, is enough to call for a trial of the charge on the merits and satisfies the requirements of the Fifth Amendment." *Lawn v. U.S.*, 355 U.S. 339, 349 (1958). Further, "an indictment is not subject to dismissal even though illegally seized evidence was before the grand jury." *Truchinski v. U.S.*, 393 F.2d 627, 633 (8th Cir. 1968). Federal District Courts have tended to follow the language of *Lawn* holding that an indictment is not subject to dismissal even though illegally seized evidence was before the grand jury. There is a strong presumption that an Indictment, regular on its face, is valid. *See U.S. v. Nabors*, 762 F.2d 642, 648 (8th Cir. 1985).

Here there is no allegation, and certainly no proof, the Grand Jury was in someway biased or even that any illegal evidence was before the Grand jury. Allen merely argues the Government has no proof he either aided or abetted in the commission of the offenses charged. He states he did not have actual possession of the controlled substance at issue. A facially valid Indictment is entitled to a strong presumption of validity. The Court should not dismiss this Second Superseding Indictment merely because Allen disagrees with the strength of the evidence the Government may offer against him at trial. Such disagreement

is precisely the reason both Allen and the Government are entitled to a trial in this case. His Motion to Dismiss should be **DENIED**.

**4. Other Matters**

Allen also appears to argue a variety of other matters, including ineffective assistance of counsel, prosecutorial misconduct, and violation of Arkansas state law. The Court is unable to determine what precise complaint Allen has in these matters. Accordingly, the undersigned recommends this Motion be **DENIED** in its entirety, without prejudice to Allen properly raising any issue not specifically disposed of herein.

5**. Conclusion**

Based on the foregoing, it is recommended Allen's Motion To Dismiss (ECF No. 53) be **DENIED**.

**Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days after service will bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the court except on grounds of plain error or manifest injustice.**

**DATED** this **10th day of November, 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE