IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                              PLAINTIFF

vs.                                    Civil No. 6:10-CR-60015

GLEN ALLEN                                                                            DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before this Court is Defendant Allen's Motion to Suppress.  ECF No. 28.[1]  This Motion was filed on July 8, 2010, and the Government responded to this Motion on July 21, 2010.  ECF No. 33.  The Court held a hearing on this Motion on December 16, 2010 in Hot Springs, Arkansas.  All Parties appeared at this hearing, and Defendant Allen was represented by counsel.  At this hearing, Officers Adam Pinner, Eric Henson and Dennis Overton of the Arkansas State Police Department testified, and the Court was presented with and viewed video footage of Defendant Allen's traffic stop, as well as the traffic stop of Defendant Jennifer Lenda.  After this hearing, the Parties also filed additional legal briefing.  ECF Nos. 97 and 100.  Trial in this matter is currently set for February 9, 2011.  ECF No. 65.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Robert T. Dawson referred this Motion to this Court for the purpose of making a report and recommendation.  The Court, having reviewed all the relevant briefing and testimony at the hearing, recommends this Motion be **DENIED** in its entirety.

---

[1] The docket entries are referenced by "ECF No. ____."

1. **Background**[2]

On March 30, 2010, Officer Adam Pinner ("Pinner") of the Arkansas State Police Department was working drug interdiction on Interstate 30 ("I-30") near Arkadelphia, Arkansas. At approximately 5:40 P.M., Pinner observed what appeared to be a new green Hyundai SUV with Texas vehicle tags traveling in the left east bound lane of I-30, near mile marker 70. According to Pinner, he concluded this SUV was likely a rental vehicle based on the fact that it was new, clean, had no window tinting, and had no dealer insignia on the rear of the vehicle.

Pinner pulled alongside of the green Hyundai SUV and noticed the driver was an African-American male who made no movements at all, other than keeping his hands on the steering wheel at the ten o'clock and two o'clock positions while looking straight ahead. At this time, Pinner also observed a new white Chrysler minivan, with Texas vehicle tags traveling approximately four car lengths in front of the green Hyundai SUV vehicle at the same speed. According to Pinner, he observed the Chrysler minivan was a new, clean model, with no car dealer insignia on the rear of the vehicle and this caused him to conclude this vehicle was also a rental vehicle.

According to Pinner, while he was traveling behind the Chrysler minivan, the Hyundai SUV traveled beside him for a period of time at the same speed. During this time, Pinner indicated he was traveling 75 miles per hour. The posted speed limit in that area of I-30 is 70 miles per hour.

Pinner then pulled along side the Chrysler minivan and observed the driver to be a white female. According to Pinner, he observed the white Chrysler minivan cross onto the fog line, onto the shoulder of the road. Following this observation, Pinner conducted a traffic stop on the Chrysler minivan. According to Pinner, while he was stopping the Chrysler minivan, the Hyundai SUV,

---

[2] The "Background" is taken from the Parties' briefing as well as the information provided at the hearing in this matter.

which was still driving in the left lane, passed both he and the Chrysler white minivan that he has stopped, and continued east bound on I-30.

    After executing the stop at the 73 mile marker on I-30, Pinner approached the Chrysler white minivan and noticed the rear seat folded down and a blanket covering a large object in the cargo area of the van. As he reached the passenger side window, Pinner could smell a strong odor of green marijuana and noticed there was a lit candle in the passenger area of the minivan. Pinner asked the driver, who identified herself as Jennifer Lenda, to get out of the vehicle. Pinner asked Lenda how much marijuana was in the vehicle and he placed her under arrest for Possession with Intent to Deliver Marijuana in violation of Arkansas Code Annotated § 5-64- 401.

    According to Pinner, at this point, he believed the green Hyundai SUV was also involved in the transporting of the seized marijuana. He radioed ahead and requested that the green Hyundai SUV be stopped. Arkansas State Police Officer Eric Henson ("Henson"), who had heard the radio traffic from Pinner and who was located near the mile marker 78 exit on I-30, observed a green Hyundai SUV exit the interstate. According to Henson, he observed the driver of green Hyundai SUV to be an African-American and the vehicle had a Texas license plate.

    Henson observed the green Hyundai SUV turn into a Waffle House restaurant where he conducted a stop. Henson made contact with the driver of the green Hyundai SUV. The driver was identified as Defendant Allen. After learning that the green Hyundai SUV and the white Chrysler minivan were rented on the same day from the same rental location in Champion, Texas, Defendant Allen was placed into custody. Following this, an inventory of Defendant Allen's SUV produced a cellular phone, two sim cards for a cellular phone, a vehicle key to a Range Rover, and the back plate of another cellular phone located in the floor board. Pinner later confirmed Allen was the same

person he observed driving on I-30 before he made the traffic stop on the Chrysler white minivan.

## 2. Applicable Law

As a general rule, the burden of proof is on the defendant who seeks to suppress the evidence obtained from the execution of a search warrant. *Carter v. United States,* 729 F.2d 935, 940 (8th Cir. 1984). Probable cause exists when an affidavit in support of a warrant sets forth adequate facts to ascertain that there is a "fair probability that contraband or evidence of criminal activity will be found in the particular placed searched." *Illinois v. Gates,* 462 U.S. 213, 238 (1983). Probable cause means a "fair probability" and not certainty or even a preponderance of the evidence. *See Gates,* 462 U.S. at 246.

The duty of a reviewing court is to ensure that the issuing judge has a "substantial basis" for concluding that probable cause existed, and substance deference should be afforded to an issuing magistrate's determination of probable cause. *See United States v. LaMorie,* 100 F.3d 547 (8th Cir. 1996); *Massachusetts v. Upton,* 466 U.S. 727 (1984). Additionally, the search warrant should be viewed in its totality, as probable cause is established only if the "totality of the circumstances" indicate a probability of criminal activity. *See United States v. Fairchild,* 189 F.3d 769, 775 (8th Cir. 1999); *Gates,* 462 U.S. at 230-32.

As for warrantless searches and seizures, the government has the burden of proof to justify the warrantless search. *See United States v. Twiss,* 127 F.3d 771, 775 (8th Cir. 1997). As the Eighth Circuit has held, "As a general rule, the burden of proof is on the defendant who seeks to suppress evidence . . . but on the government to justify a warrantless search." *Carter v. United States,* 729 F.2d 935, 940 (8th Cir. 1984) (internal citation omitted).

**3. <u>Discussion</u>**

Defendant Allen filed the present Motion to Suppress contesting the constitutionality of this traffic stop and subsequent search. He raises two issues related to this stop and subsequent search: (A) whether there was probable cause to make the initial stop on Allen's vehicle, and (B) whether there was probable cause to make the initial stop on Defendant Lenda's vehicle. ECF Nos.29, 95. This Court will address these two issues.

    **A. Initial Stop of Defendant Allen**

Defendant Allen contests the initial stop of his vehicle. During the hearing on this matter, Pinner testified he observed Defendant Allen traveling 75 miles per hour in a 70 mile per hour speed zone, "speeding," which is a violation of Arkansas traffic law. The Eighth Circuit has held that "[a]n officer who observes a violation of the law has probable cause to initiate a traffic stop, and such a stop comports with the Fourth Amendment." *United States v. Peralez,* 526 F.3d 1115, 1119 (8th Cir. 2008). *See also United States v. Loya,* 528 F.3d 546, 549 (8th Cir. 2008) (noting the defendant was stopped for "following too close" and running a stop sign). Further, probable cause exists to make a warrantless arrest when, at the moment of the arrest, the collective knowledge of the officers involved, was "sufficient to warrant a prudent man in believing that the [defendant] had committed or was committing an offense." *United States v. Wajda*, 810 F. 2d 754, 758 (8th Cir. 1987) (citing, *Beck v. Ohio*, 379 U.S. 89, 91, 13 L. Ed. 2d 142, 85 S. Ct. 223 (1964)). The determination of whether probable cause exists must not rest on isolated facts; rather it depends on the cumulative effect of the facts in the totality of the circumstances. *United States v. Archer*, 840 F. 2d 567, 573 (8th Cir. 1988). Whether probable cause existed is an objective question and does not depend on whether the police officers actually believed they had probable cause to arrest. *United States v.*

*Sherrill*, 27 F.3d 344, 347 ( 8th Cir.1994).

In his Motion to Suppress and accompanying briefing, Defendant Allen argues Pinner's stated reason for the stop ("speeding") was improper and not credible because, (1) no where in the video footage of Defendant Allen's traffic stop, or the traffic stop of Defendant Lenda, does Pinner state Allen's vehicle is speeding, (2) Pinner's report fails to mention Allen's vehicle is speeding, and (3) Allen did not receive a traffic citation for speeding.

However, Pinner testified under oath at the suppression hearing that he observed the vehicle, later identified as being driven by Defendant Allen, traveling 5 miles per hour above the posted speed limit. Even though Pinner testified his intention when he radioed ahead was for Allen to be stopped for his involvement in transporting the seized marijuana located in Lenda's vehicle, there existed probable cause to allow the Arkansas State Police to stop Allen's vehicle based upon Pinner's prior observation that the vehicle driven by Allen was speeding, a violation of Arkansas law. Thus, there was no constitutional deficiency with initial stop of Defendant Allen.

### B. Initial Stop of Defendant Lenda

In his supplemental briefing, Allen argues, for the first time, there was no probable cause to make the initial stop on Defendant Lenda's vehicle, and as such all evidence seized from her vehicle should be suppressed. ECF No. 95**.** The Government, in their response, argues Allen has no standing to challenge the stop on Linda's vehicle. ECF No. 97.

In moving to suppress evidence, a defendant must show a legitimate expectation of privacy in the thing searched. *See United States v. Gomez*, 16 F. 3d 254, 256 (8th Cir 1994). "If a defendant fails to prove a sufficiently close connection to the relevant places or objects searched he has no standing to claim that they were searched or seized illegally." *See Id*. Relevant factors in evaluating

standing include ownership, possession, control, and use of the property being searched; ability to regulate access; the totality of the surrounding circumstances; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of such an expectancy under the facts of a given case. *United States v. Sanchez*, 943 F. 2d 110, 113. (8th Cir. 1991).

Allen was not a passenger in the Lenda vehicle, nor has he claimed or established any ownership interest in the Lenda vehicle or its contents. Allen has failed to show any expectation of privacy in the Lenda vehicle or its contents and as such, he has no standing to claim the vehicle was stopped or searched illegally.

### 4. Conclusion

In accordance with the foregoing, this Court recommends Defendant Allen's Motion to Suppress (ECF No. 28) be **DENIED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  See *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 4th day of January, 2011.**

s/ Barry A. Bryant<br>
HON. BARRY A. BRYANT<br>
U. S. MAGISTRATE JUDGE