IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                             Plaintiff

v.                              Criminal No. 6:10-cr-60015

GLEN RAY ALLEN                                                         Defendant

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 187) filed herein by **GLEN RAY ALLEN**, (hereinafter referred to as "Allen"). Allen is currently confined in the Federal Bureau of Prisons, Ft. Worth Medical Center. The United Sates of America (hereinafter the "Government") has responded. ECF No. 189. The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case. The Court has considered the entire record and as set out below recommends this Motion to Vacate be **DENIED**.

**I. Procedural Background**:

Allen was originally charged by criminal complaint on April 16, 2010. ECF No. 1. He was later indicted and a Superceding Indictment was filed on July 21, 2010, charging him with conspiracy to distribute more than 1,000 kilograms of marijuana and possession with intent to distribute more than 100 kilograms of marijuana.[1] ECF No. 17. Allen was initially provided court appointed counsel, but later retained Tyler Tapp ("Tapp") as counsel on May 25, 2010. ECF No. 12. Allen pled not guilty to both counts of the Superceding Indictment. He also filed a Motion to

---

[1]There was also a Second Superceding Indictment filed, it did not change the allegations against Allen, but rather added a co-defendant. ECF No. 55.

Suppress evidence. ECF No. 28. A hearing on the Motion to Suppress evidence was scheduled for August 2, 2010 and a trial was scheduled August 24, 2010.

On July 27, 2010, Tapp filed a Motion to Continue the trial in order to give Allen time to attempt to negotiate a change of plea. ECF No. 40. In this Motion to continue, Tapp noted the Government would withdraw any offer of settlement if a suppression hearing was held. *Id.*

On October 27, 2010, Tapp moved to withdraw as counsel for Allen. ECF No. 50. The Court entered an order Granting Tapp's motion to withdraw on November 9, 2010 and reappointed counsel to represent Allen. ECF No. 58. Attorney Danny Williams then entered an appearance as Allen's counsel on November 22, 2010 and the Court entered an order granting Williams's entry of appearance. ECF No. 65. On December 6, 2010, Williams moved to withdraw as Allen's counsel. ECF No. 76. The court denied this motion. ECF No. 81. Williams then filed a Second Motion to Withdraw and Substitute Clay Janske ("Janske") as counsel of record for Allen. ECF No. 93. The Court granted this Motion and Janske became Allen's counsel of record. ECF No. 94.

On December 16, 2010, the Court conducted a hearing on the pending Motion to Suppress. ECF No. 107. Allen was represented at this hearing by Janske. The undersigned recommended the Motion to Suppress be denied. ECF No. 106. Judge Dawson adopted the recommendation and denied the Motion to Suppress. ECF No. 114. A trial date was set for April 4, 2011.

Allen then filed a Motion For Bond Hearing. ECF No. 115. On February 15, 2011, the undersigned ordered Allen held without bond pending trial. ECF No. 117. Allen then filed a Second Motion for Bond. ECF No. 120. Again, the undersigned denied the Motion and ordered Allen held without bond for trial. ECF No. 122. On March 11, 2011, Allen moved to continue the trial date. ECF No. 123. Judge Dawson denied this Motion for Continuance. ECF No. 125.

During this time, and prior to the trial date, the Government communicated to Janske it intended to seek to enhance Allen's sentence, if he were found guilty, as a result of his prior criminal history. Ultimately Allen changed his plea on April 1, 2011. Allen entered a plea agreement with the Government and agreed to pled guilty to both counts in the Second Superceding Indictment. ECF No. 132. He specifically reserved the right to appeal the denial of his Motion to Suppress. On February 27, 2012, Allen was sentenced to a sentence of 120 months imprisonment on each count, to run concurrently with each other, a term of five years supervised release, a $2,000 fine and a total of $200 in special assessments.[2]

Allen appealed the conviction arguing the Court erred in denying his Motion to Suppress evidence. The United States Court of Appeal for the Eighth Circuit affirmed the denial of the suppression motion on March 18, 2013. *See United States v. Allen*, 705 F.3d 367 (8th Cir. 2013).

**II. Instant Petition**

Allen filed a timely Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 on February 5, 2014. ECF No. 188. The Court directed a response and the Government filed its Response on March 27, 2014. ECF No. 189. Allen thereafter filed a reply to the Response. ECF No. 190.

In his Motion, Allen asserts the following claims for relief: (1) Attorney Tyler Tapp was ineffective in advising Allen not to agree to a plea agreement which was more favorable than the one Allen ultimately entered into with the Government; and (2) Attorney Clay Janske was ineffective in failing to convey a plea agreement Allen would have accepted, which was more favorable than the one he ultimately entered into with the Government. I will address both of these claims below.

---

[2]The 120 month sentence was the statutory mandatory minimum sentence for Count 1.

**a. Legal Framework**: A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255 ."). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Both of the claims presented assert ineffective assistance of counsel. In order to prevail on an ineffective assistance of counsel claim, a movant must show: (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence"; and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009)(quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (quoting *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v. Washington*, 466 U.S. 668, 689,(1984)). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(citing *United States v Cronic*, 466 U.S. 648, 658 (1984)).

Under the first part of the *Strickland* test, we consider counsel's performance objectively and gauge whether it was reasonable "under prevailing professional norms" and "considering all the circumstances." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000)(citations omitted).

The Court should examine counsel's challenged conduct at the time of his representation of the defendant and we avoid making judgments based on hindsight. *See id.* Except in instances where a defendant can show a failure of such magnitude there is typically no basis for finding a denial of effective counsel unless he can show specific errors that "undermined the reliability of the finding of guilt. . ." *White,* 314 F.3d at 678. Further, there is "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

If the Court finds deficient counsel and thus considers the element of prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Prejudice can only be found if, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992).

**b. <u>Attorney Tyler Tapp</u>**:   Allen claims Attorney Tapp advised him not to accept a plea agreement which was a plea of guilty to Count 2 only, carrying a mandatory minimum sentence of five years. According to Allen, Attorney Tapp advised him to reject the plea offer an instead pursue a Motion to Suppress. The parties do not dispute there was a plea offer on the table for Allen and further, do not dispute the Government advised the plea offer would be withdrawn if Allen pursued the suppression issue.

Allen's claim regarding Attorney Tapp's representation is not credible for several reasons. First, Allen acknowledges Attorney Tapp advised him of the plea agreement offer, but simply told him he had a good chance to prevail on the suppression issue. ECF No. 187, Motion to Vacate, p. 13-14. Allen now asserts he was always willing to enter a plea agreement and in fact offered on

multiple occasions to provide information to the Government. The record establishes this is simply not true.

On July 27, 2010, Attorney Tapp filed a Motion to Continue the suppression hearing stating in part, "Defendant is requesting an additional thirty (30) days on both the trial and the Suppression hearing to further discuss settlement." ECF No. 40. He noted in the Motion to Continue that any plea agreement offer would be withdrawn if the suppression hearing went forward. Further, the Government has submitted an affidavit[3] of Attorney Tapp where in Tapp states the following: "I conveyed every offer that was made to Mr. Allen and we thoroughly discussed the ramifications of each offer. The last offer that I presented to Mr. Allen was substantially better offer than the one that he finally accepted. Mr. Allen was not happy with the offers and did not want me negotiating with the U.S. Attorney's office." ECF No. 189-1. Moreover, in a letter to Allen shortly before the suppression hearing, Tapp confirms any plea offer will be withdrawn and that he is no longer negotiating with the U.S. Attorney's Office. ECF No. 189-1, p. 3.

Allen also admits, he discharged Tapp because the attorney had "made a sharp right turn in his position on the suppression and told petitioner that, they can prove you were speeding." ECF No. 187, p 14. Allen admits Tapp told him about the speeding issue prior to the suppression hearing. ECF No. 187, p. 21, Affidavit of Glenn Ray Allen. There is no doubt whatsoever, Allen was aware of the plea offer communicated through Attorney Tapp, was aware the plea offer would be withdrawn if he went forward with the suppression hearing, and was aware any future plea offer

---

[3]Rule 7, of the Rules Governing 28 U.S.C. § 2255, provides that "[a]ffidavits also may be submitted and considered as part of the record." In addition, Rule 8 provides that "the judge must review [the record] and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Under these rules, trial courts may consider affidavits as part of the files and records of the case. *See Thomas v. United States*, 737 F.3d 1202, 1207 (8th Cir. 2013) *cert. denied*, ____ U.S. ____, 134 S. Ct. 2323 (U.S. 2014)(citations omitted).

could be less advantageous to him. In fact, in a letter to the Court dated February 27, 2012, Allen states that when Tapp brought him the Government's first plea offer on July 29, 2010, that he told Tapp "that was too much time for me to do according to my involvement and I had information that I can share." ECF No. 189-2.

Further, Allen discharged Attorney Tapp as his lawyer prior to the suppression hearing. He was still able to accept or reject any plea offer made by the Government even after Tapp was no longer his lawyer. Instead Allen continued to reject the plea offer and went forward with the suppression hearing. Therefore, nothing Tapp did or failed to do impacted Allen's decision to plead guilty after the suppression hearing and shortly before trial. On the record in this case Attorney Tapp's performance was not objectively unreasonable. There was no ineffective assistance of counsel. There is no need to address the issue of prejudice to Allen with regard to the conduct of Attorney Tapp.

Allen, in his Reply (ECF No. 190), asserts Tapp's affidavit supports his claim for relief. He asserts Tapp "wrongly advised him to go forward with a suppression hearing." This is patently untrue. As pointed out above, when given the full picture of the Government's proof, prior to the suppression hearing, Tapp asked to continue the suppression hearing in order to continue negotiations with the Government toward a possible plea agreement. Allen, not Tapp, made the decision to reject the plea agreement offered, to fire Tapp as his attorney, and to proceed with the suppression hearing. That was certainly Allen's right, however, he can not now blame the consequences of that decision on Attorney Tapp.

Allen asserts *Lafler v. Cooper*, ___U.S. ___, 132 S.Ct. 1376 (2012) mandates this Court grant

his claim of ineffective assistance of counsel based on deficient advice in the plea context. In *Lafler*, defense counsel advised defendant to reject a plea offer because he didn't think the state could prove its case at trial. On *habeas corpus* review, both sides agreed the advice in that case was deficient. Accordingly, the *Lafler* decision, in the context of the instant case, addresses the issue of prejudice. The Supreme Court held "in the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler* 132 S. Ct. at 1385. *Lafler* is not applicable here as Allen has failed to establish Attorney Tapp's performance was deficient in the first instance.

      **c. Attorney Clay Janske**: Allen next argues Attorney Janske was ineffective because "he assumed the exact same stance and belief as Tyler Tapp had, and that the stop was illegal and we could win at suppression." ECF No. 187, p. 15. He asserts Janske told him he could "get the case tossed and get the suppression hearing overturned at the Court of Appeals. ECF No. 187, p. 15. He claims Janske failed to convey the plea offer made by the Government until the Government filed its notice of enahancment pursuant to 21 U.S.C. § 851, based on Allen's prior criminal convictions. However, Allen admitted in his letter to the Court on February 27, 2012, "I did mention [to Janske] that I didn't want to discuss a plea." ECF No. 189-2. This letter was sent after Allen pled guilty and was sentenced.

      The Government in its Response says Janske did not act in a professionally deficient manner. Janske was aware of the plea offer made by the Government before he was retained. ECF No. 189-3, Afffidavit of Clay Janske. He was aware if the suppression hearing went forward the plea offer would be withdrawn. He confirms Allen's assertion that Allen was not interested in plea

negotiations. Following the ruling denying the Motion to Suppress and a few days prior to trial, a co-defendant pled guilty and agreed to testify against Allen. Also, the Government, shortly before trial, indicated it intended to seek an enhanced sentence based on Allen's prior criminal history. Jankse then again asked Allen if he wanted to attempt to enter a plea agreement. Allen did so and pled guilty to Counts 1 and 2 of the Second Superceding Indictment, he reserved the right to appeal the suppression issue.

The fact Allen continued to reject any plea offer through the suppression hearing, right up to the eve of trial does not evidence deficient legal counsel. When looking at the entire record before this Court it is very apparent Allen was informed of the plea negotiations and elected to proceed with the suppression issue. Even after that issue was decided against him, he continued to tell counsel not to attempt to negotiate a plea agreement. Only when a co-defendant pled guilty and offered to testify against him and the Government indicated it would seek to enhance his sentence if the case went to trial, did Allen consider entering a plea agreement.

Allen also attacks Janske's affidavit and the emails between Janske and the Government, in his Reply. ECF No. 190. With regard to the affidavit of Janske, Allen says this affidavit establishes a "failure to convey the plea [agreement]. . ." Janske's affidavit does no such thing. In fact, Janske states he was aware there was a prior plea agreement offer made by the Government prior to his involvement in the case, he was aware the offer would be taken off the table if Allen proceeded with a suppression hearing, and he believed there was a good argument to be made regarding suppression. Allen specifically told Janske he was not interested in any plea negotiations. Therefore, Janske did not pursue a plea agreement and instead pursued the Motion to Suppress.

Allen, also asserts that an email communication between Janske and the AUSA, shortly before his change of plea, evidence a "new" plea agreement offered after the suppression hearing. He claims Janske never communicated this plea agreement to him. A fair reading of that email, shows the lawyers were discussing the two counts of the Indictment and which was a stronger allegation for conviction. "[I]t might be better if we allowed Mr. Allen to plead to Count 2, as we both agreed yesterday, was the better of the 2 charges. Count 1 you are going to have some difficulty proving and Count 2 seems to be with the evidence the more accurate charge." ECF No. 187, p. 24. Clearly, Janske, even a few days before trial, is still attempting to negotiate a better plea agreement for Allen. The Government was not inclined to do so as it had already prepared and tried a suppression hearing and had prepared for trial, which was a few days away. As noted above, Allen had the right to reject any plea agreement and proceed to trial. Once he does that however, he can not then blame his decision on his counsel.

This was not deficient legal counsel, rather, it shows a lawyer following his client's instructions and then trying to salvage the best result possible after those instructions turned out not to be advantageous for the client. In hindsight, it was a poor decision on Allen's part to refuse to allow Janske to negotiate a plea agreement and to go forward with the Motion to Suppress. Attorney Janske's performance in this case was not objectively unreasonable. Accordingly, I will not reach the issue of prejudice.

Based on the record in this case, the Court also concludes an evidentiary hearing is not

required in this matter. Allen is clearly not entitled to the relief he seeks.[4]  Further, I find Allen has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

**III. Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Motion to Vacate, Set Aside or Correct Sentence be **DENIED** and dismissed.  I also recommend any request of a certificate of appealability be **DENIED**.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this **12th day of September 2014.**

     /s/ Barry A. Bryant
     HON. BARRY A. BRYANT
     U.S. MAGISTRATE JUDGE

---

[4] *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).